FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

2014 DEC 17  P 2:49

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| JOEL E. BERNSTEIN, and ELORAC, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No: 1:14cv1723-AJT-IDD ) |
| MICHELLE K. LEE, in her official capacity as Deputy Undersecretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office and Acting Director of the United States Patent and Trademark Office, | ) ) ) ) ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiffs allege as follows:

1.  This civil action is brought pursuant to 35 U.S.C. §145 against the Director of the United States Patent and Trademark Office seeking a judgment that Plaintiffs are entitled to receive a patent for the invention specified in the claims involved in the decision of the Patent Trial and Appeal Board as to U.S Patent Application Serial No. 12/761,953 ("the '953 Application").

2.  Plaintiff Joel E. Bernstein is an individual who is the named inventor of the '953 Application. Plaintiff Elorac, Inc. is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at 100 Fairway Drive, Suite 134, Vernon Hills, Illinois 60061. Plaintiff Elorac is the owner of the '953 Application, filed April 16, 2010 and entitled "Methods and Compositions for Treating Acne Vulgaris and Acne Rosacea." A true and correct copy of the '953 Application is attached as Exhibit 1.

3.  Defendant, Michelle K. Lee ("Lee"), is the Deputy Undersecretary of Commerce

for Intellectual Property and Deputy Director of the United States Patent and Trademark Office and is Acting Director of the United States Patent and Trademark Office. Defendant Lee is sued in her official capacity as Acting Director of the United States Patent and Trademark Office pursuant to 35 U.S.C. §145.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this is a civil action arising under the laws of the United States relating to patents, including the United States Patent Act, 35 U.S.C. § 101 *et seq.* This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 35 U.S.C. § 145.

5. This Court has authority to review the decision of the Patent, Trial and Appeal Board and to authorize the Acting Director of the United States Patent and Trademark Office to issue Plaintiffs a patent pursuant to 35 U.S.C. § 145.

6. Venue is proper in this District pursuant to 35 U.S.C. § 145 and 28 U.S.C. § 1391(e).

7. The '953 Application is directed to a pioneering invention in the field of methods and compositions for treating acne.

8. Claims 1, 3-6 and 9-11 in the '953 Application were rejected by the Patent Examiner in an Office Action dated November 8, 2012. A copy of the amended claims is attached as Exhibit 2. A copy of the rejection is attached as Exhibit 3.

9. Plaintiffs appealed the rejection of the claims in the '953 Application to the Patent Trial and Appeal Board in Appeal No. 2014-000362. In a decision dated August 8, 2014, the Patent Trial and Appeal Board affirmed the patent examiner's rejection. A copy of the decision is attached as Exhibit 4.

10. Plaintiffs then requested a rehearing by the Patent Trial and Appeal Board. In a

decision dated October 22, 2014, the Patent Trial and Appeal Board declined to modify its prior decision. A copy of that decision is attached as Exhibit 5.

11. Plaintiffs are dissatisfied with the decision of the Examiner in the '953 Application and the decisions of the Patent Trial and Appeal Board in Appeal No. 2014-000362.

12. The Patent Trial and Appeal Board committed error, *inter alia*, in interpreting the teachings of certain prior art references, and its application of the governing patent law of the claims of the '953 Application.

13. Plaintiffs intend to submit new evidence and/or the Declarations of persons of at least ordinary skill in the art with respect to the field of methods and compositions for treating acne. Plaintiffs believe the new evidence will confirm that upon review of the prosecution history of the '953 Application and the rejections both by the patent examiner and by the Patent Trial and Appeal Board, that one of skill-in-the-art does not read the prior art relied upon by the patent examiner and the Patent Trial and Appeal Board to invalidate the application claims of the '953 Application, either under 35 U.S.C. § 102 or 103.

14. This action has been commenced within two months of the decision of the Patent Trial and Appeal Board on Plaintiffs' request for rehearing.

15. No appeal to the United States Courts of Appeal for the Federal Circuit has been taken from the decisions of the Patent Trial and Appeal Board.

WHEREFORE, Plaintiffs respectfully request that this Court:

a) Hold an evidentiary hearing with respect to the fact questions raised by this Complaint.

b) Declare, adjudge and decree that plaintiffs are entitled to receive a patent for the subject matter claimed in application claims 1, 3-6 and 9-11 of the '953 Application.

c) Order the Acting Director of the United States Patent and Trademark Office to issue a patent for the subject matter claimed in application claims 1, 3-6 and 9-11 of the'953

    Application, pursuant to 35 U.S.C. § 145.

  d) Grant such other and further relief as the nature of the case may admit or require and as may be just and equitable.

Dated: December 17, 2014

                        Respectfully submitted,

                        JOEL E. BERNSTEIN, and ELORAC, INC.

BY: /s/ Jordan S. Weinstein
Jordan S. Weinstein (Bar No. 36754)
BARNES & THORNBURG, LLP
1717 Pennsylvania Avenue N.W., Suite 500
Washington, D.C. 20006-4623
Telephone: (202) 289-1313
Facsimile: (202) 289-1330
jweinstein@btlaw.com

Attorneys for Plaintiffs

CHDS01 939047v1

4